FILED

NOV 08 2021

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


STEVEN CRAIG WHYTE,
    Plaintiff,

vs.                                    Case # 3:21cv 9

THE UNITED STATES OF AMERICA,
C.O. R. SKINNER,
C.O. D. MCINTYRE,
C.O. HUNT,
C.O. STICKNEY,
L.T. BARBER,
L.T. BARRIENTOS,
L.T. ABDELLAZ, and
HEALTH SERVICE C.O. A. MOYERS,
    Defendants.

* JURY TRIAL DEMANDED *


AMENDED VERIFIED COMPLAINT FOR DAMAGES


TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Steven Craig Whyte (herein after "the Plaintiff"),
Pro Se [1], and respectfully files this Amended Verified Complaint For

[1] See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972) (noting that courts should read pro se pleadings less strictly than pleadings drafted by lawyers); also see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys).

Damages. On June 25, 2021, the Court issued its Order to Answer, directing the Clerk to have the United States Marshal Service serve the Defendants within thirty (30) days from the date of the Order. As such, pursuant to Fed.R.Civ.P. 15(a), Plaintiff now respectfully files this amended complaint "as a matter of course", and does so within 21 days of serving the complaint or within 21 days of being served with an answer or a motion to dismiss. Rule 15(a)(1), Fed. R. Civ. P. In support of such, Plaintiff amends as follows:

°§°

## I. Introduction

1. This is a Civil Action filed by Plaintiff Steven Whyte, a federal prisoner, brought pursuant to Bivens vs. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971)[2], alleging Eighth Amendment violations of Cruel and Unusual Punishment, Deliberate Indifference/Reckless Disregard, Excessive Use of Force, all seeking monetary damages — Compensatory, Punitive and Nominative. Plaintiff also seeks monetary damages pursuant to violations of the Federal Tort Claims Act, such as in the torts of Assault and Battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Deliberate Indifference, Negligence and Malpractice.

## II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the Constitution of the United States.

[2] "Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right" see Hartman v. Moore, 547 U.S. 250, 254 n.2, 126 S.Ct. 1296 (2002) (quoting Carlson v. Green, 446 U.S. 14, 18, 100 S.Ct. 1468 (1980).

-2-

3. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1346(b), 2671-80 of the Federal Tort Claims Act ("FTCA"), in that this is an action arising in suit against the federal government for torts committed by its employees.

## III. Parties

4. Plaintiff Steven Whyte at all times relevant was confined by the Federal Bureau of Prisons at USP Hazelton in Brucetonmills, West Virginia.

5. Defendant United States of America[3] was at all relevant times the employer of the employees who have committed torts against the plaintiff, employeed at all relevant times at USP Hazelton in Brucetonmills, West Virginia.

6. Defendant C.O. Skinner, at all relevant times was a C.O. at USP Hazelton in Brucetonmills, West Virginia, employed by the Federal Bureau of Prisons.

7. Defendant C.O. D. McInture, at all relevant times was a C.O. at USP Hazelton in Brucetonmills, West Virginia, employed by the Federal Bureau of Prisons.

8. Defendant C.O. Hunt, at all relevant times was a C.O. at USP Hazelton in Brucetonmills, West Virginia, employed by the Federal Bureau of Prisons.

9. Defendant C.O. Stickney, at all relevant times was a C.O. at USP Hazelton in Brucetonmills, West Virginia, employed by the Federal Bureau of Prisons.

[3] The only proper defendant in an FTCA case is the United States of America, see Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008).

10. Defendant L.T. Barber, at all relevant times was a L.T. at USP Hazelton in Bruceton mills, West Virginia, employed by the Federal Bureau of Prisons.

11. Defendant L.T. Barrientos, at all relevant times was a L.T. at USP Hazelton in Bruceton mills, West Virginia, employed by the Federal Bureau of Prisons.

12. Defendant L.T. Abdellaz, at all relevant times was a L.T. at USP Hazelton in Bruceton mills, West Virginia, employed by the Federal Bureau of Prisons.

13. Defendant C.O. A. Moyers, at all relevant times was Health Service Staff at USP Hazelton in Bruceton mills, West Virginia, employed by the Federal Bureau of Prisons.

14. The federal employees employed by the United States of America were at all relevant times acting within the "scope of [thier] office or employment," pursuant to 28 U.S.C. §1346 (b)(1).

15. Defendants Skinner, McIntyre, Hunt, Stickney, Barber, Barrientos, Abdellaz and Moyers, at all relevant times were acting under the color of federal law, violated the Plaintiff's constitutional rights — granting federal question jurisdiction — and are now being sued in thier individual capacities.

## IV. Exhaustion of Available Remedies

16. Plaintiff has exhausted his administrative remedies before filing this complaint, see Ex. "A" Central Office Response to BP-11; also Ex. "B" Form 95 Tort Claim Filed 1/23/21 [4]

[4] Though Plaintiff filed Form 95 Tort Claim on January 23, 2021, he has yet to receive a response; failure of the BOP to act within six months is a "final denial", see Pascale v. U.S., 998 F.2d 186, 192-93 (3rd Cir. 1993).

— 4 —

## V. Factual Statement

17. While in commissary, an inmate engaged the plaintiff in an altercation.

18. When C.O.'s Stickney and Skinner entered the commissary area, the plaintiff and inmate combatant ceased all aggression and laid on the floor, hands behind thier backs, all before receiving instructions to do so.

19. Defendant C.O. Stickney proceeded to cuff the plaintiff.

20. After plaintiff was cuffed, C.O. Skinner put his knee on the other inmate and then cuffed him.

21. Plaintiff looked at C.O. Skinner and said, "I didn't even do shit."

22. Defendant C.O. Skinner, with knee on other inmates back, reached over and punched the plaintiff in the face.

23. Plaintiff said to Defendant C.O. Skinner, "What did you punch me for?"

24. Defendant C.O. Skinner did not respond and instead punched the plaintiff in the face again.

25. Defendant C.O. Stickney said, "Just shut up and he'll stop punching you."

26. Defendant C.O. Skinner then pulled the other inmate to his feet and escorted him out of the area.

27. Defendant C.O. Stickney then pulled plaintiff to his feet and escorted him out into the corridore where five to six other officers waited.

28. Plaintiff noted to C.O. Stickney, "I didn't even do anything. I wasn't even fighting. He had no reason to punch me."

29. Defendant L.T. Barrientos, one of the other staff standing in the hall, pushed Plaintiff up against the wall and started punching him in the side/ribs.

30. Plaintiff asserted vehemently, "I didn't do nothing. I don't deserve this..."

31. Defendant L.T. Barrientos said, "Since this bitch don't want to shut up, take him to the LTs bathroom."

32. The officers present then pushed the plaintiff over, lifted his legs and arms, and carried him (like a hog, tied to a pole) to the LTs office.

33. The officers that carried Plaintiff to the LTs office then took him to the LTs bathroom and threw him in the room, still restrained, head first.

34. Plaintiff was in extreme pain and fearful and started to scream.

35. Officers Hunt and D. McIntyre both came over and knelt down and started punching the Plaintiff in his face and body multiple times each.

36. Officer McIntyre stopped assaulting the plaintiff to say, "Shut the fuck up nigger. Bite the curb like in the movie 'American History X'."

37. Both Officers Hunt and McIntyre continued to assault plaintiff.

38. Officer Skinner then joined and grabbed the

Plaintiff's Khaki pants and yanked them down along with his briefs.

39. Officer Skinner, wearing gloves and obviously prepared (to commit sexual assault), started to penetrate the Plaintiff's anus with his finger.

40. Plaintiff began to scream loudly, shocked and in pain.

41. L.T. Barber now present, began to laugh and said, "Your ass looks like a female's ass."

42. L.T. Abdellaz put a mace cannister up to the Plaintiff's face and said, "Stop screaming or I'll mace you to death."

43. Plaintiff quieted down, though in pain and distress.

44. L.T. Barber tells officer Skinner, "I think you should get rid of those." (speaking of the gloves).

45. During the commotion and Plaintiff's distress, staff had thrown orange paper clothing on the Plaintiff.

46. Officer Hunt removed the handcuffs, holding Plaintiff's arm along with C.O. McIntyre.

47. C.O. McIntyre said, "Get up slowly. If you move too fast were gonna start this process all over again, and you're gonna get hurt badly."

48. Officers Hunt and McIntyre helped the Plaintiff up and placed his hands above his head on the wall.

49. C.O. McIntyre told the Plaintiff, "Take your shirt off."

-7-

50. The Plaintiff said, "You told me not to move cause you'll hurt me."

51. Officer McIntyre said, "Following instructions, good. Now take your shirt off."

52. Plaintiff removed his shirt and was given an orange paper shirt he then put on.

53. Officer McIntyre said, "Lay down slowly."

54. Plaintiff laid down.

55. Officers began to put belly chains on the plaintiff.

56. C.O. McIntyre put his knee on the Plaintiff's back and pushed hard, very hard, so officers could tighten chains as much as possible.

57. Plaintiff began to scream -- as much as he could without air -- and then threw up his breakfast (oatmeal); the chains were unbearably tight.

58. Officer Hunt put ankle cuffs on the plaintiff, also tight beyond bare.

59. L.T. Barber said, "Get up."

60. Plaintiff responded, "I can't get up... the chains and cuffs are too tight."

61. L.T. Barber said, "Look, if you don't get up, I'm gonna call the same officers in here again and we are gonna whoop your ass some more."

62. Plaintiff started to cry, because he knew he could not get up and so something bad was gonna happen.

- 8 -

63. Plaintiff said, "L.T. Barber, please. I cannot get up, its impossible."

64. L.T. Barber said, "Okay, we'll carry your ass to the SHU."

65. Then the same officers that carried Plaintiff to the LTs office came and picked plaintiff up and carried him down the hall.

66. Officers Hunt and McIntyre were two of the officers carrying Plaintiff down the hall, ramming his head into doors, kneeling him, all the while saying, "This is what you get!"-- "Take that nigger!"

67. When they got the Plaintiff to the SHU they took him to Range 1, the first cell (four-point room), and threw him on the bed.

68. COs Hunt, McIntyre and LT Barber were three of the officers present that then began beating the Plaintiff, striking him in the face, torso and legs.

69. The COs then left.

70. When lunchtime came, CO Hunt was serving lunch but denied plaintiff his meal.

71. Approximately an hour later, L.T. Barber came back and said something about debriefing with medical. He further stated, "If you say or tell medical anything, we are coming back to whoop your ass."

72. Plaintiff said, "I'm not saying anything."; Plaintiff was escorted to medical.

-9-

73. On the way to medical, Plaintiff was bleeding from the tight chains so badly (now severly scarred) that LT Barber had to adjust the shirt so medical would not see.

74. Medical Off. Moyer conducted interview, taking a couple of pictures, asking if Plaintiff was alright (seeming to see some of the injuries).

75. Plaintiff could not confide anything to C.O. Moyer out of fear.

76. Plaintiff was escorted back to his SHU cell.

## Claims for Relief
### A. Excessive/Unnecessary Use of Force

77. The excessive/unecessary use of force by Defendant Skinner, see ¶¶ 22, 24, 39, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right to be free from excessive/unecessary use of force.

78. The excessive/unecessary use of force by Defendant Barrientos, see ¶ 29, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right to be free from excessive/unnecessary use of force.

79. The excessive/unnecessary use of force by Defendant Hunt, see ¶¶ 35, 37, 58, 66, 68, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right to be free from excessive/unnecessary use of force.

80. The excessive/unnecessary use of force by Defendant McIntyre, see ¶¶ 35, 37, 56, 66, 68, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right to be free from excessive/unnecessary use of force.

81. The excessive/unnecessary use of force by Defendant

Barber, see ₱ 68, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right to be free from excessive/ unnecessary use of force.

82. As a result of Defendant Skinners' actions, Plaintiff received numerous serious physical and emotional injuries.

83. As a result of Defendant Barrientos' actions, Plaintiff received numerous serious physical and emotional injuries.

84. As a result of Defendant Hunt's actions, Plaintiff received numerous serious physical and emotional injuries

85. As a result of Defendant McIntyre actions, Plaintiff received numerous serious physical and emotional injuries.

86. As a result of Defendant Barbers' actions, Plaintiff received numerous serious physical and emotional injuries.

B. Deliberate Indifference to Excessive/Unnecessary Use of Force

87. The deliberate indifference of Defendant Stickney, see ₱ 22, 24, 25, 29, to just standby and watch other officers assault Plaintiff, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right against the display of such deliberate indifference.

88. The deliberate indifference of Defendant Barber, see ₱ 41, 44, to just standby and watch other officers assault Plaintiff, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right against the display of such deliberate indifference.

89. The deliberate indifference of Defendant Hunt, see ₱ 56, 57, to just standby and watch other officers assault Plaintiff, resulted in serious harm against the Plaintiff, violating his Eighth Amendment right against the display of such deliberate indifference.

- 11 -

90. As a result of Defendant Stickney's inaction, Plaintiff received numerous serious physical and emotional injuries.

91. As a result of Defendant Barber's inaction, Plaintiff received numerous serious physical and emotional injuries.

92. As a result of Defendant Hunt's inaction, Plaintiff received numerous serious physical and emotional injuries.

C. Cruel and Unusual Punishment

93. The cruel and unusual punishment by Defendant Skinner, see ¶ 39, that of sexual assault by a prison employee, constituted and resulted in serious harm against the Plaintiff, violating his Eighth Amendment protections against cruel and unusual punishment.

94. As a result of Defendant Skinner's actions, Plaintiff received serious physical and emotional injuries.

D. Deliberate Indifference of Serious Medical Needs

95. The deliberate indifference of serious medical needs by Defendant Moyers, see ¶ 74, that of failing to address the serious medical conditions of the Plaintiff — upon awareness — violated Plaintiff's protection against such deliberate indifference to such serious medical needs.

96. As a result of Defendant Moyers' inaction, Plaintiff remained in serious pain and now has severe scarring and emotional distress.

E. Tort of Assault and Battery

97. Under West Virginia law, Defendants Skinner, Barrientos, Hunt, McIntyre and Barber all committed — separately and together — the torts of assault and battery.

-12-

98. As a result of Defendants Skinner, Barrientos, Hunt, McIntyre and Barbers torts of assault and battery, Plaintiff received numerous serious physical and emotional injuries.

### F. Torts of Intentional/Negligent Infliction of Emotional Distress

99. Under West Virginia law, Defendants Skinner, McIntyre, Hunt, Stickney, Barber, Barrientos, Abdellaz and Moyers, all committed — separately and together — the torts of intentional/negligent infliction of emotional distress, when all Defendants participated in such infliction.

100. As a result of Defendant Skinner, McIntyre, Hunt, Stickney, Barber, Barrientos, Abdellaz and Moyers torts of intentional/negligent infliction of emotional distress, Plaintiff received numerous serious physical and emotional injuries.

### G. Torts of Negligence and Malpractice

101. Under West Virginia law, Defendant Moyer committed the torts of negligence and malpractice in failing to provide medical care/attention to the Plaintiff, whom was visibly hurt and in pain.

102. As a result of Defendant Moyers negligence and malpractice, Plaintiff remained in physical pain for a time after the incidents, permanently scarred and emotionally distressed.

### H. Torts of Deliberate Indifference and Negligence

103. Under West Virginia law, all of the named defendants, at one time or another, were deliberately indifferent or negligent to their fellow officers violating the Plaintiffs person.

104. As a result of the Defendants' deliberate indifference and negligence, Plaintiff received serious, painful injuries,

-13-

now permanently scarred and permanently emotionally distressed.

### I. United States as Defendant

105. Concerning ¶ 97 - 104, all defendants were employed by the Federal Bureau of Prisons, therefore the proper defendant being the United States of America.

### Relief Requested

A. Award compensatory damages in the following amounts:

1. $250,000.00 jointly and severally against defendants Skinner, Barrientos, Hunt, McIntyre and Barber, for the physical and emotional injuries sustained as a result of the multiple beatings.

2. $100,000.00 jointly and severally against defendants Stickney, Barber and Hunt for simply watching as other officers assaulted the plaintiff, failing to act.

3. $100,000.00 against defendant Skinner for sexually assaulting the plaintiff.

4. $50,000.00 against defendant Moyer for being deliberately indifferent to Plaintiff's obvious medical needs.

B. Award punitive damages in the following amounts:

1. $25,000.00 each against defendants Skinner, Barrientos, Hunt, McIntyre and Barber.

2. $15,000.00 each against defendants Stickney, Abdellaz and Moyer.

-14-

WHEREFORE, plaintiff request that the Honorable Court grant the requested relief or any other relief as it may appear that plaintiff is entitled to.

Submitted on this 8 day of July , 2021.

Steven Craig Whyte

## Declaration

I, Steven Whyte, declare under penalty of perjury that I placed the following in the legal mailing system here at USP Lee by placing it in the hands of staff on this 8 day of July , 2021, first-class postage affixed and pre-paid, addressed to the Clerk of Court, pursuant to 28 U.S.C. §1746.

Executed On: 7/8/2021

Steven Craig Whyte

-15-