IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**STEVEN CRAIG WHYTE,**

      **Plaintiff,**

v.                        **CIVIL ACTION NO. 3:21-CV-9**
                                     **(GROH)**

**OFFICER R. SKINNER, D. MCINTYRE,
HUNT, OFFICER STICKNEY,
LT. BARBER, LT. BARRIENTOS,
LT. ADBELLAZ, and A. MOYERS,**

      **Defendants.**

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on February 14, 2023. ECF No. 120. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint. The Plaintiff timely filed objections to the R&R on March 8, 2023. ECF No. 123.

### I. BACKGROUND

On January 19, 2021, Steven Craig Whyte ("Plaintiff"), filed a complaint against eight Defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1. After a series of amendments, the operative Complaint is the Fourth Amended Complaint. ECF No. 65. The Plaintiff generally alleges that his Eighth Amendment rights were violated when Defendant Skinner beat and

sexually assaulted him and the other Defendants failed to intervene or provide appropriate medical care. See Id.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. The Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730

2

(S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

However, the Fourth Circuit recently remanded a case, finding the District Court did not adequately review the magistrate judge's R&R. Specifically, our Circuit now holds

that "when reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." Elijah v. Dunbar, 66 F.4th 454, 460–61 (4th Cir. 2023).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Plaintiff has presented no new material facts or arguments in his objections to the magistrate judge's R&R. Although nothing new is presented, the Fourth Circuit's Elijah decision dictates a de novo review is required because the objections say more than "I object." Nonetheless, the Court finds that Magistrate Judge Trumble's R&R thoroughly and adequately addressed the relevant legal issues, and the Court incorporates that analysis herein.

First, the Court must address the Plaintiff's concern that Magistrate Judge Trumble "should never have therefore had anything to do with Plaintiff's claim." ECF No. 123 at 4. This is incorrect. This matter was assigned to Magistrate Judge Trumble as a matter of course pursuant to 28 U.S.C. § 636 and Rule 2 of the Local Rules of Prisoner Litigation Procedure. Thus, Magistrate Judge Trumble reviewed this case, entered orders, and issued his Report and Recommendation in accordance with the laws of the United States, Rules of this District, and at the standing directives of this Court.

The Plaintiff claims that "the Defendants failed to answer Plaintiff's claims with either an affidavit or declaration. Failing to do so constitutes an admission of all facts alleged in the complaint under Federal Rules of Civil Procedure 8(b)." ECF No. 123 at 4. However, the Defendants filed a Motion to Dismiss pursuant to Rule 12. ECF No. 94. The Motion provides an affirmative defense against the Plaintiff's claims. Accordingly, the Defendants have not "failed to answer" but chose instead to move to dismiss the

4

Complaint. The Defendants have not admitted any factual statements in the complaint.

The Plaintiff's only objection to the heart of the R&R's legal analysis can be found on page three of his objections. There, the Plaintiff argues that "the court should not be concerned with whether or not the Plaintiff receives a fair and meaningful resolution because it counsels against the expansion of Bivens." ECF No. 123 at 5.

Assuming the Plaintiff's allegations are true and correct, which the Court does at this stage of the proceedings, the assault Plaintiff endured was horrible. The Court acknowledges that. The Court also understands and is sympathetic to the Plaintiff's argument that "a possible resolution that offers no real solution to the problem is no solution at all." Id. Nonetheless, this Court is duty bound to enforce the law as written and the precedent of the Supreme Court of the United States.

Specifically, in Egbert v. Boule, 142 S. Ct. 1793 (2022), the Supreme Court all but overturned Bivens, limiting the cause of action to only the rarest of cases that fit squarely within the factual confines of Bivens, Davis, or Carlson. In his concurrence, Justice Gorsuch aptly noted this is what the majority's opinion accomplished, saying that he "would only take the next step and acknowledge explicitly what the Court leaves barely implicit. Egbert, 142 S. Ct. at 1810.

As explained in the R&R, and not objected to by the Plaintiff, this case presents a new Bivens context. The R&R correctly proceeds to conduct the special factors analysis, which the Plaintiff objects to on moral grounds. But the test announced in Egbert is the binding precedent that this Court is obligated to follow.

This Court similarly finds, as the R&R explains in greater detail, that there are special factors counseling hesitation and which indicate the Judiciary is less equipped

5

than Congress to weight the costs and benefits of allowing this damages action to proceed. This analysis is in line with the Fourth Circuit's decision in Tate v. Harmon, 54 F.4th 839 (4th Cir. 2022). Thus, as the R&R explains in more detail, the Plaintiff has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court has reviewed the Plaintiff's objections and finds no basis for sustaining any of them. Therefore, the Plaintiff's Objections to the R&R are **OVERRULED**.

The Court incorporates the R&R by reference. Specifically, to the extent it has not been explicitly stated herein, the Court adopts and incorporates the facts, legal analysis, and conclusions provided in the Magistrate Judge's 23-page R&R.

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 120] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

The Defendants' Motion to Dismiss is **GRANTED**. ECF No. 94. Thus, the Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. This case shall be stricken from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Plaintiff via certified mail at his last known address.

**DATED:** September 11, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE